# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

_____

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA upon the Relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:21-cv-01101-STA-jay |
| EASEMENTS AND RIGHT-OF-WAY OVER 3 ACRES OF LAND IN HENRY COUNTY, TENNESSEE, and HORACE E. MILAM and ONETTA D. MILAM, his wife, | ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

## ORDER OF POSSESSION
## ORDER REQUIRING THE GOVERNMENT TO EFFECT PERSONAL SERVICE
_____

Before the Court is Plaintiff United States of America's Motion for Entry of an Order of Possession (ECF No. 9) filed July 1, 2021. The government seeks the condemnation of real property pursuant to the Tennessee Valley Authority Act of 1933. The property to be taken consists of a permanent easement and right of way in three (3) acres situated in Henry County, Tennessee. The government's Complaint alleges that the "public use for which the property is taken is the erection, operation, and maintenance of electric power transmission circuits and communication circuits." Compl.¶ 3 (ECF No. 1). The government has identified Horace E. Milan and Onetta D. Milam as persons with an ownership interest in the land. In addition to the Complaint, the United States has filed a description of the property (ECF No. 1-1, 1-4, 1-7), a Declaration of Taking (ECF No. 1-3), a map of the property (ECF No. 1-5), and a Notice of Condemnation (ECF No. 1-6). The government has also tendered estimated just compensation

1

in the amount of $6,000.00 to the Court, and those funds are currently held in the Court's registry.

In its Motion for Possession, the government seeks a court order granting the TVA possession of the property. Congress has vested the TVA with the authority "to acquire real estate for the construction of dams, reservoirs, transmission lines, power houses, and other structures, and navigation projects at any point along the Tennessee River, or any of its tributaries," including "the right of eminent domain, and to condemn all property that it deems necessary for carrying out the purposes of this chapter . . . ." 16 U.S.C. § 831c(i). The Declaration of Taking Act applies to condemnation cases of this sort brought under the TVA Act. 40 U.S.C. § 3114. When the government files a declaration of taking, tenders just compensation for the taking, and otherwise satisfies the provisions of the Declaration of Taking Act, three things happen: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." § 3114(b); *see also Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 5 (1984) (stating that upon the government's compliance with the statutory requirements, "[t]itle and right of possession thereupon vest immediately in the United States").

The Court finds that the government has complied with the requirements of § 3114. The government filed a Notice of Condemnation, Complaint, and Declaration of Taking on June 30, 2021. The government also deposited with the Court an amount representing its estimate of just compensation for the property. Based on the government's compliance with the terms of the Declaration of Takings Act, the Court concludes that title to the property interest has vested in the TVA, the land is condemned and taken for the use of the TVA, and the right to just

compensation for the property interest has vested in the persons entitled to the compensation. Therefore, the Motion for an Entry of an Order of Possession will be **GRANTED**.

This just leaves the question of the proper disbursement of the funds held in the registry of the Court.  As the Court has already noted, the Complaint identifies Horace E. Milam and Onetta D. Milam as persons with a fee simple interest in the subject property.  On September 24, 2021, the government filed a Notice of Completion of Service (ECF No. 12), stating that counsel for the government had served the Milams with copies of the pleadings and each of the other papers docketed in the case.  According to the Notice of Completion of Service, the government mailed the documents to the Milams by means of U.S. certified mail, return receipt requested. The Notice of Completion of Service included attachments, documents which appear to be tracking information from the U.S. Postal Service captured from a website or computer application.  The attachments (one for Mr. Milam and the other for Mrs. Milam) showed that certified mail was delivered on July 10, 2021, "to an individual at the address" in "Buchanan, TN 38222."  *See* Notice of Completion of Service, Sept. 24, 2021 (ECF Nos. 12-1, 12-2).  No actual street address (or post office box number) is given in the tracking information itself.[1]  No signature card, server's affidavit, or any other declaration was attached to the government's notice, and nothing else in the filing demonstrates who received the mailing or signed for it.

When neither Defendant filed an Answer to assert an objection or defense to the taking, the Court ordered the government to brief whether its service complied with Rule 4 and Rule 71.1 of the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 71.1 governs actions for the condemnation of real property.  Rule 71.1(d) addresses process and providing

---

[1] Each attachment included what seemed to be additional information typewritten at the top of the page: the name of each Defendant and a mailing address of 6085 Buchanan Road, Buchanan, Tennessee 38222.

3

notice of the action to interested parties and prescribes the form and content of the notice.  "In lieu of a summons, which is the initial process in other civil actions under Rule 4 (a), subdivision (d) provides for a notice which is to contain sufficient information so that the defendant in effect obtains the plaintiff's statement of his claim against the defendant to whom the notice is directed."  Fed. R. Civ. P. 71.1, advisory committee notes (1951).  Rule 71.1(d)(3)(A) requires personal service of the notice of the action on each named defendant whose address is known and who resides within the United States.  Fed. R. Civ. P. 71.1(d)(3).  Personal service of notice must comply with the requirements for service of process under Rule 4 of the Federal Rules of Civil Procedure.  *Id.*

Instead of filing a brief of points and authorities to show how its service had complied with the Federal Rules of Civil Procedure, the government filed an Amended Notice of Completion of Service (ECF No. 14) on November 9, 2021.  The Amended Notice included copies of what appear to be the signature cards for the certified mail addressed to each of the Milams.  The letters "M.S.S." are handwritten in cursive letters on the signature line of each green signature card.  The letters, which seem to be initials, are followed by the phrase "Rt. 3," and immediately to the right of the signature line, the box beside the word "Agent" is checked.  On the line below the signature line in the space provided for the printed name of the recipient, the words "COVID 19" are handwritten.  The signature cards suggest to the Court that a postal carrier for the Milams' mail route signed the cards as "agent" for the Milams, presumably because the United States Postal Service was not offering in-person mail delivery due to the ongoing pandemic.  These are only inferences from the exhibit, however, and so the Court makes no other findings in this regard.  Other than filing these new exhibits, the government's

4

Amended Notice has not addressed the legal requirements for service under Rule 71.1 or Rule 4 or shown how their service in this case complied with those requirements.

Therefore, the government is directed to serve each of the Milams personally with a copy of this order within 28 days of the entry of this order and promptly thereafter file proof of service on the docket.  The Court hereby gives the government 45 days from the entry of this order in which to file a motion for the proper disbursement of the funds held in the Court's registry.  The government should also personally serve a copy of its motion on the Milams and notify them that pursuant to Local Rule 56.1(b), they will have 28 days after the motions are served to file a written response to the motions.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

        Date:  December 21, 2021.